**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lisa Tetik, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No.   16 C 4802 |
| Fenton & McGarvey Law Firm, P.S.C., a Kentucky corporation, and Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Lisa Tetik, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3.      Plaintiff, Lisa Tetik ("Tetik"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect delinquent consumer debt, which was allegedly owed for a Comenity Bank/Dress Barn credit card.

4.      Defendant, Fenton & McGarvey Law Firm, P.S.C. ("Fenton"), is Kentucky corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Fenton operates a debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Illinois.  In fact, Defendant Fenton was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant Jefferson operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Jefferson is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other debt collection agencies, like Defendant Fenton.

**FACTUAL ALLEGATIONS**

7.      Ms. Tetik fell behind on paying her bills, including debts she allegedly owed for Comenity Bank credit cards.  Ms. Tetik is informed and believes, through counsel, that at some point in time after these debts became delinquent, they were allegedly acquired by Jefferson, which began trying to collect upon them, by having

Defendant Fenton send Ms. Tetik an initial form collection letter, dated September 22, 2015.  This collection letter stated: "ORIGINAL CREDITOR: COMENITY BNK/DRESS BARN" and also stated: "Please be advised that Fenton & McGarvey Law Firm, P.S.C. has been retained by Jefferson Capital Systems, LLC to collect its account with you". Defendants' letter failed to explain who Jefferson Capital Systems was, or what the difference was between it and the original creditor, Comenity Bank, or why Jefferson had retained Fenton to collect the debts.  A copy of Defendants' letter is attached as Exhibit A.

8.      This would cause a consumer to not know to whom the debt was currently owed -- was Jefferson another collection agency, a new name for Comenity Bank, or what?  A simple statement that "Jefferson Capital Systems had bought the debt", or that it was the "current" creditor, or that the debt was now owed to Jefferson, would have sufficed to identify effectively the name of creditor to whom the debts were then owed.

9.      Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

10.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

11.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Tetik with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

3

12.     Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because they failed to identify effectively that Defendant Jefferson was the current creditor to whom the debt was owed.  See, Janetos v. Fulton Friedman & Gullace, 2016 U.S. App. LEXIS 6361 (7th Cir. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); and Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

13.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

14.     Plaintiff, Lisa Tetik, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Comenity Bank/Dress Barn credit card, via the same form collection letter (Exhibit A), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

15.     Defendants Fenton and Jefferson regularly engage in debt collection, using the same form collection letter they sent Plaintiff Tetik, in their attempts to collect delinquent consumer debts from other consumers.

16.     The Class consists of more than 35 persons from whom Defendants Fenton and Jefferson attempted to collect delinquent consumer debts by sending other

consumers the same form collection letter they sent Plaintiff Tetik.

17.     Plaintiff Tetik's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

19.     Plaintiff Tetik will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Tetik has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lisa Tetik, individually and on behalf of all others similarly situated,

prays that this Court:

       1.      Certify this action as a class action;

       2.      Appoint Plaintiff Tetik as Class Representative of the Class, and her attorneys as Class Counsel;

       3.      Find that Defendants' form collection letter violated the FDCPA;

       4.      Enter judgment in favor of Plaintiff Tetik and the Class, and against Defendants Fenton and Jefferson, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

       5.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Lisa Tetik, individually and on behalf of all others similarly situated, demands trial by jury.

Lisa Tetik, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 29, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com